IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 09-844C & No. 10-741C (consolidated)

(Filed: September 25, 2012)

|  |  |
|---|---|
| SIKORSKY AIRCRAFT CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) ) |
| Defendant. | ) ) |

ORDER

Pending before the court is defendant's motion for reconsideration of the court's opinion and order reported as *Sikorsky Aircraft Corp. v. United States*, 102 Fed. Cl. 38 (2011). This motion, filed August 21, 2012, constitutes the government's fourth effort to elide the court's legal interpretation of the Cost Accounting Standards ("CAS") set out at 48 C.F.R. Chapter 99, Subchapter B, Part 9904, specifically, the standards for allocation of direct and indirect costs codified at 48 C.F.R. §§ 9904.418-10 to 9904.418-63.[1] Each prior submission by defendant was denied or withdrawn, and the current motion fares no better.

Defendant's motion for reconsideration largely consists of a selective reading of unpublished materials generated during the Cost Accounting Standards Board's consideration of various possible permutations of what became CAS 418. The court previously rejected any reliance on unpublished materials to override the text of the regulatory provisions. *See Sikorsky Aircraft*, 102 Fed. Cl. at 55 (citing *Allegheny Teledyne, Inc. v. United States*, 316 F.3d 1366, 1377 (Fed. Cir. 2003); *Perry v. Martin Marietta Corp.*, 47 F.3d 1134, 1137 (Fed. Cir. 1995)); *see also Hamilton v. Lanning*, __ U.S. __, __, 130 S. Ct. 2464, 2474 (2010) (commenting that if a legal text was "to carry a specialized — and indeed, unusual — meaning" the progenitors of that text "would have said so expressly."). The court adheres to that principled basis of legal analysis. As Justice Kennedy said in *Public Citizen v. United States Department of Justice*, 491 U.S. 440, 469 (1989) (Kennedy, J. concurring in the judgment), "[r]eluctance to work[] with the basic meaning of words in a normal manner undermines the legal process."

---

[1]The prior three efforts consisted of Defendant's Renewed Motion For Leave to Serve Interrogatories, filed Dec. 23, 2011, as ECF No. 139; Defendant's Motion to Postpone Trial, filed May 31, 2012, as ECF No. 191; and Defendant's Third Motion for Partial Summary Judgment, filed June 13, 2012, as ECF No. 194.

One aspect of the defendant's motion deserves particular comment.  First, contrary to the motion, the court did not "make[] the word 'management' redundant with the word 'supervision.'"  Def.'s Mot. to Recons. at 1-2, 50.  Rather, the court drew upon standard dictionary definitions of those words in developing its analysis and interpretation.  *See Sikorsky Aircraft*, 102 Fed. Cl. at 52 (citing *Rumsfeld v. United Techs. Corp.*, 315 F.3d 1361, 1370 (Fed. Cir. 2003), which applied "standard dictionary definitions and other pertinent regulations" to determine the meaning of undefined CAS terms).  The court looked to CAS 403, CAS 410, and CAS 420 as other instances in which the words "management" and "supervision" had been used in related contexts — to check whether those words had been used in accord with their plain meanings in those CAS, which they had.  *See id*.  In no sense did the court equate "management" with "supervision," and it is disingenuous for the defendants to assert that it did.

This is the fourth time that defendant has persisted in its "grave misapprehension of the court's [prior] decision."  Order of Jan. 20, 2012, ECF No. 150.  Perhaps the first instance might have been understandable.  The fourth manifestly is not.

Defendant's motion for reconsideration is DENIED.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge
